IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| SHLETON R. THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 323-100 |
| | ) | |
| JERMAINE WHITE; ANDREW | ) | |
| MCFARLANE; RICKY WILCOX; | ) | |
| VERONICA STEWART; TONJA KEITH; | ) | |
| KAREN THOMAS; DENISHA GAUZE | ) | |
| FOSTER-BELLAMY; WILLIAM SIKES; | ) | |
| JIMMY J. KELLOM; ANNTOINETTE | ) | |
| JOHNSON; TIFFANY BRANCH; | ) | |
| LT. HARRIS; LT. GRIFFIN; LT. CRAY; | ) | |
| RONNEISHED LASHAY MOORE; CERT | ) | |
| OFFICER WILCOX; FOOD SERVICE | ) | |
| SUPERVISOR SMITH; KATY ANN HILL; | ) | |
| STEPHANIE HOWELL; TAJUANA | ) | |
| AJEROH; DR. DAVID CHENEY; | ) | |
| DR. BEVERLY MURRAY; JOHN | ) | |
| AUGUSTA INMAN; DONN SMITH; | ) | |
| MAILROOM PERSONNEL LITTLE; | ) | |
| YAKENDAL WOODARD; NURSE GRAY; | ) | |
| CANDACE SMITH; WENDY MILLER; | ) | |
| OFFICER JOHN/JANE DOE I; NURSE | ) | |
| JANE DOE II; NURSE JANE DOE III; | ) | |
| NURSE JANE DOE IV; and | ) | |
| LT. SHUBERNOUGHT, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

When Plaintiff, an inmate at Telfair State Prison in Helena, Georgia, commenced this case filed pursuant to 42 U.S.C. § 1983, he sought to proceed *in forma pauperis* ("IFP").

(See doc. no. 2.)  The Court denied the IFP motion because the information in the motion indicated Plaintiff had sufficient resources to pay the filing fee and provided Plaintiff twenty-one days to pay the fee or submit a new IFP motion supported by appropriate financial documentation.  (See doc. no. 3.)  In response, Plaintiff filed a motion requesting an additional twenty-one days to pay the filing fee, contending he is not seeking to proceed IFP.  (See doc. no. 4.)  Upon consideration of Plaintiff's status as a "three-striker" under 28 U.S.C. § 1915(g), and for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request for an extension of time be **DENIED**, (doc. no. 4), and this action be **DISMISSED** without prejudice.

I.      BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996).  28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1726 (U.S. 2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits.").  The

Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Rivera, 144 F.3d at 721-27.

## II.   DISCUSSION

### A.   Plaintiff Has Three Strikes Under § 1915(g)

A review of Plaintiff's history of filings reveals he has brought at least three cases or appeals that were dismissed and count as strikes: (1) Thomas v. Thomas, No. 18-12059, *slip op.* at 2 (11th Cir. Sept. 7, 2018) (three judge panel dismissing appeal as frivolous); (2) Thomas v. Howard, No. 1:08-CV-1903 (N.D. Ga. Dec. 1, 2008) (dismissed for failure to statue a claim); and, (3) Thomas v. Warner, No. 1:05-cv-2148 (N.D. Ga. Jan. 23. 2006) (ordering case be dismissed as frivolous, though substantive analysis shows dismissal based on failure to state a claim). Indeed, although the Court has listed a recent strike from 2018, Plaintiff conceded he had collected three strikes long ago. See Thomas v. Ga. Reg'l Hosp., No. 1:09-CV-3089, doc. no. 32 (N.D. Ga. Aug. 12, 2013). Thus, Plaintiff was not eligible to proceed IFP at the time he commenced this case and should have paid the filing fee when he submitted his complaint. See Rivera, 144 F.3d at 723. Recognizing there is an exception to the three-strike rule, the Court next considers whether Plaintiff could demonstrate he qualified for the "imminent danger of serious physical injury" exception to § 1915(g) when he submitted his IFP motion. See Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

### B.   Plaintiff Did Not Qualify for the Imminent Danger Exception When He Filed His Complaint

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged

3

incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). General or conclusory allegations are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Sutton v. Dist. Att'y's Off., 334 F. App'x 278, 279 (11th Cir. 2009) (*per curiam*) (citing Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004)). The Court must consider "not whether each specific physical condition or symptom complained of might constitute serious injury, but, rather, whether the complaint, as a whole, raises sufficient allegations." Wright v. Sprayberry, 817 F. App'x 725, 728 (11th Cir. 2020) (*per curiam*) (citing Mitchell, 873 F.3d at 874).

Plaintiff generally complains about his conditions of confinement at TSP, alleging he was transferred to TSP in retaliation for a lawsuit filed in the Middle District of Georgia and upon his arrival at TSP, encountered all manner of mistreatment ranging from verbal harassment, to loss of personal property, to use of excessive force (including improper strip search), to missed snacks, to unclean living conditions, to lack of medical care (including denial of a pillow wedge and removal of a soft shoe profile), to problems with the mail room– all of which occurred from June 15, 2023 to December 3, 2023. (Doc. no. 1, pp. 14 - 37.) Plaintiff signed his complaint on December 18, 2023. (Id. at 53.)

Plaintiff's allegations do not demonstrate he "faced 'a present imminent danger'" when he signed his complaint on December 18, 2023. Daker v. United States, 787 F. App'x 678, 681 (11th Cir. 2019) (*per curiam*) (citing Brown, 387 F.3d at 1349). Plaintiff's fifty-five-page complaint is a quintessential shotgun pleading that has been soundly condemned by the Eleventh Circuit Court of Appeals. See, e.g., Byrne v. Nezhat, 261 F.3d 1075, 1131

4

(11th Cir. 2001) ("[S]hotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice."), *abrogated on other grounds by*, Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146 (11th Cir. 2011); Magluta v. Samples, 256 F.3d 1282, 1284-85 (11th Cir. 2001) (refusing to address and decide serious constitutional issues on the basis of a "quintessential 'shotgun' pleading of the kind [the Eleventh Circuit] ha[s] condemned repeatedly. . . . It is in no sense the 'short and plain statement of the claim' required by Rule 8 of the Federal Rules of Civil Procedure.").

Because of the rambling nature of Plaintiff's fifty-five-page complaint that covers the waterfront of interaction with prison officials over all manner of daily activities, coupled with his repeated incorporation by reference of prior allegations into subsequent claims,[1] the Court is unable to conclude Plaintiff has any specific allegation of imminent danger that would satisfy the exception to § 1915(g). See Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321 (11th Cir. 2015) (describing common type of shotgun pleading whereby multiple count complaint adopts allegations of preceding counts causing confusing succession of information that ultimately combines entire complaint into jumble allegations incapable of meaningful discernment of claims). General or conclusory allegations are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Brown, 387 F.3d at 1350 (citing with approval Eighth Circuit

---

[1] See, e.g., doc. no. 1, p. 41 ¶ 136 (realleging and incorporating by reference paragraphs 57-65); p. 42 ¶ 140 (realleging and incorporating by reference paragraphs 66-85); p. 44 ¶ 150 (realleging and incorporating by reference paragraphs 93-107); p. 45 ¶ 153 (realleging and incorporating by reference paragraphs 108-09); and, p. 46 ¶ 157 (realleging and incorporating by reference paragraphs 110-17).

5

precedent rejecting conclusory allegations as insufficient to satisfy imminent danger exception); Skillern v. Paul, 202 F. App'x 343, 344 (11th Cir. 2006) (*per curiam*) (explaining "vague statements do not satisfy the dictates of § 1915(g)"); Sutton, 334 F. App'x at 279 (rejecting general claims of stress, anxiety, depression, and further deterioration of life as insufficient to satisfy imminent danger exception).

Instead, the Court is left with information describing Plaintiff's bumpy adjustment to life at a new prison that included his dissatisfaction regarding his interactions with over thirty Defendants who allegedly mistreated Plaintiff in one way or another over the course of approximately six months but whose actions Plaintiff has not shown put him in imminent danger of serious physical injury at the time he filed his complaint. Without specific allegations that an injury is imminent or threatened to him, Plaintiff does not satisfy the imminent danger exception. See Skillern, 202 F. App'x at 344; Brown, 387 F.3d at 1350; see also Odum v. Bryan Cnty. Jud. Cir., No. CV 4:07-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (requiring specific allegations grounded in specific facts indicating injury is imminent). Thus, at the time Plaintiff filed his complaint with an IFP motion, he failed to demonstrate he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule. Moreover, as Plaintiff apparently had sufficient funds in his prisoner trust account to pay the filing fee at the time he filed his complaint, (doc. no. 2, p. 2) - and as confirmed by his motion for an extension of time explaining he does have sufficient funds to pay the fee - he is not entitled to proceed IFP in this case regardless of his status as a three-striker or any alleged threat of imminent danger. See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 198

(1993) (explaining that although poverty sufficient to qualify under 28 U.S.C. § 1915 does not require penniless destitution, proceeding IFP is a *privilege*, not a right).

Therefore, even though the Court denied Plaintiff's IFP motion based on an apparent ability to pay the full filing fee and a failure to include supporting financial documentation about his ability to pay, the fact is when Plaintiff *commenced* this case, he was a three-striker not entitled to proceed IFP.  According to Eleventh Circuit precedent, "After the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit." Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (citation omitted).  Plaintiff may not simply pay the filing after he was denied IFP status. See id.  Thus, the case was subject to dismissal without prejudice when it was filed without the full filing fee, and the motion for an extension time to pay the full filing fee should be **DENIED**.  (Doc. no. 4.)  If Plaintiff wants to pursue the claims raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint – and the full filing fee at the time he initiates the new case.  See Dupree, 284 F.3d at 1236.

### C. The Complaint Should Also Be Dismissed Because Plaintiff Failed to Truthfully Disclose His Prior Filing History

Even if the case were not due to be dismissed based on Plaintiff's failure to pay the full filing fee at the time he initiated the lawsuit, the case is subject to dismissal because Plaintiff provided dishonest information about his prior filing history.  The form on which Plaintiff submitted his claims requires that prisoner plaintiffs disclose whether they have had a case dismissed based on the "three strikes rule" and whether they have filed other lawsuits in state or federal court related to conditions of imprisonment.  (Doc. no. 1, pp. 8-10.)  The prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe

7

each lawsuit, including the disposition of the case(s). (Id. at 8, 10.) If there is more than one such lawsuit, the additional cases must be described on another page. (Id. at 8-10.)

Here, Plaintiff attested he had a case in the Northern District of Georgia dismissed under the three-strikes rule, but he did not have copies of the dismissal order(s). (Id. at 8.) Notably, however, Plaintiff also had a case dismissed in the Middle District of Georgia under the three-strikes rule. Thomas v. Bd. of Regents of Univ. Sys. of Ga., No. 5:14-CV-270, doc. no. 5 (M.D. of Ga. Aug. 18, 2014). Plaintiff also attested he had filed only one other case related to his conditions of confinement, and that one case was currently pending in the Middle District. (Doc. no. 1, p. 10; Thomas v. Cowens, No. 5:22-CV-012 (M.D. Ga. Jan. 7, 2022).) At a minimum, the undisclosed case out of the Middle District that was dismissed under the three-strikes rule concerned Plaintiff's conditions of confinement at Macon State Prison ("MSP"). Thomas v. Bd. of Regents of Univ. Sys. of Ga., No. 5:14-CV-270, doc. no. 1 (describing alleged assaults and denial of medical care by over twenty defendants at MSP). Plaintiff also challenged his conditions of confinement in Thomas v. Ga. Reg'l Hosp., No. 1:09-CV-3089, doc. no. 1 (describing alleged conspiracy, denial of access to courts, retaliation, and use of excessive force while confined at Georgia Regional Hospital after contested transport from Fulton County Jail). Although Plaintiff stated he did not remember the specific dates or docket numbers for his Northern District of Georgia cases, he did not give any indication he was unsure of any other cases he may have filed that were dismissed under the three-strikes rule or that were about his conditions of confinement.[2]

---

[2]While not part of Plaintiff's prior litigation history, the Court also notes he falsely represented in his original IFP motion that he is "unable to pay the costs of these proceedings," even though he knew he had sufficient funds to pay the filing fee and now states in his motion for an extension of time that he is *not* seeking to proceed IFP. (Doc. nos. 2, 4.)

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (*per curiam*) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (*per curiam*) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (*per curiam*) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by* Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

Indeed, "pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the court determines that the action is 'frivolous or malicious.'" Burrell v. Warden

9

I, 857 F. App'x 624, 625 (11th Cir. 2021) (*per curiam*) (citing 28 U.S.C. § 1915(e)(2)(B)(i)). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." Id. The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Williamson v. Cnty. of Johnson, GA, CV 318-076, 2018 WL 6424776 (S.D. Ga. Nov. 5, 2018), *adopted by* 2018 WL 6413195 (S.D. Ga. Dec. 6, 2018); Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006). Here, as described in detail above, Plaintiff failed to truthfully disclose his prior filing history. Therefore, even if Plaintiff were granted an extension of time to pay the filing fee that should have been paid at the time Plaintiff initiated this proceeding, the case is subject to dismissal without prejudice as a sanction for abusing the judicial process.[3]

### III.  CONCLUSION

In sum, by his own admission, Plaintiff not only had the ability to pay the filing fee when he initiated this case, but he has also accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g). Thus, he was

---

[3] As Plaintiff is complaining about events that occurred upon his transfer to TSP in June of 2023, (doc. no. 1, p. 14), it appears he may still timely re-file his § 1983 claims, should he choose to do so. See Kline v. Warden, No. 21-12620-F, 2021 WL 9203812, at *2 (11th Cir. Dec. 22, 2021) (*per curiam*) (affirming dismissal without prejudice as sanction for dishonest filing history where plaintiff may timely re-file claims). In any event, as described herein, this case is subject to dismissal not only because Plaintiff has sufficient funds to pay the full filing fee but also because as a three-striker, Plaintiff was required to pay the filing fee at the time he commenced this case. Plaintiff would have to re-file a new case with the full filing fee, regardless of the alternative recommendation for dismissal based on failing to truthfully disclose his prior filing history.

required to pay the full filing fee when he initiated this case.  Furthermore, even if Plaintiff had properly paid the full filing fee when he commenced the case or had been allowed to proceed IFP, the case should be dismissed because he has abused the judicial process by providing dishonest information about his filing history.

Therefore, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion for an extension of time to pay the filing fee be **DENIED**, (doc. no. 4), and this action be **DISMISSED** without prejudice.  If Plaintiff wishes to proceed with the claims raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint.  Dupree, 284 F.3d at 1236.

SO REPORTED and RECOMMENDED this 31st day of January, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA