IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| SHLETON R. THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 323-100 |
| | ) | |
| JERMAINE WHITE; ANDREW | ) | |
| MCFARLANE; RICKY WILCOX; | ) | |
| VERONICA STEWART; TONJA KEITH; | ) | |
| KAREN THOMAS; DENISHA GAUZE | ) | |
| FOSTER-BELLAMY; WILLIAM SIKES; | ) | |
| JIMMY J. KELLOM; ANNTOINETTE | ) | |
| JOHNSON; TIFFANY BRANCH; | ) | |
| LT. HARRIS; LT. GRIFFIN; LT. CRAY; | ) | |
| RONNEISHED LASHAY MOORE; CERT | ) | |
| OFFICER WILCOX; FOOD SERVICE | ) | |
| SUPERVISOR SMITH; KATY ANN HILL; | ) | |
| STEPHANIE HOWELL; TAJUANA | ) | |
| AJEROH; DR. DAVID CHENEY; | ) | |
| DR. BEVERLY MURRAY; JOHN | ) | |
| AUGUSTA INMAN; DONN SMITH; | ) | |
| MAILROOM PERSONNEL LITTLE; | ) | |
| YAKENDAL WOODARD; NURSE GRAY; | ) | |
| CANDACE SMITH; WENDY MILLER; | ) | |
| OFFICER JOHN/JANE DOE I; NURSE | ) | |
| JANE DOE II; NURSE JANE DOE III; | ) | |
| NURSE JANE DOE IV; and | ) | |
| LT. SHUBERNOUGHT, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate

Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 7.)

The Magistrate Judge recommended denying the motion for an extension of time to pay the full filing fee and dismissing the case because Plaintiff has accumulated three strikes under 28 U.S.C. § 1915(g) and was therefore required to pay the full filing fee when he initiated this case.  (See doc. no. 5, pp. 3-7.)  The Magistrate Judge also recommended dismissing the case as a sanction for abusing the judicial process because Plaintiff failed to truthfully disclose his prior filing history on the complaint form.  (Id. at 7-10.)  Plaintiff objects that even though he filed a motion to proceed *in forma pauperis* ("IFP") when he commenced the case, he always intended to pay the full filing fee,[1] and therefore, none of the restrictions on prisoner litigation under 28 U.S.C. § 1915(g), and as interpreted by Eleventh Circuit case law cited by the Magistrate Judge, apply to him.  (See doc. no. 7.)  The Court disagrees.

According to Local Rule 4.1, the commencement of a civil action requires compliance with four specific criteria, including the presentation of the original complaint and the appropriate filing fee, or the original complaint and a petition to proceed IFP.  When commencing this case, Plaintiff submitted a complaint and an IFP motion, in which he attested he was "unable to pay the cost of these proceedings."  (Doc. no. 2, p. 1.)  Although Plaintiff stated he had $957.93 in cash or a savings account, he did not attach the required "statement certified by the appropriate institutional officer" supporting this statement.  (See id. at 1-2.)  Recognizing the discrepancy, the Magistrate Judge denied the IFP motion and directed Plaintiff to pay the filing fee or, "[i]f Plaintiff provided mistaken information about his available funds," he could "submit a proper and complete motion" supported by a

---

[1]The docket reflects Plaintiff did not submit the filing fee until nearly one and a half months after he filed his complaint.  (See docket entry dated Feb. 12, 2024.)

certified copy of his trust fund account statement. (Doc. no. 3, p. 2.) In response to that Order, Plaintiff did neither.

Rather, Plaintiff requested an extension of time to pay the filing fee, (doc. no. 4), which as the Magistrate Judge explained in the recommendation for dismissal, was actually due at the time Plaintiff initiated the case. (Doc. no. 5.) Plaintiff now objects that the Magistrate Judge knew all along that Plaintiff intended to pay the full filing fee, and therefore none of the analysis regarding three-striker status or prior filing history is relevant. In other words, Plaintiff asks the Court to simply ignore his failure to follow the rules governing prisoner litigation and allow him to proceed in the manner, and in accordance with a timeline, of Plaintiff's choosing. The Court declines to do so.

Plaintiff created the initial confusion by submitting an incomplete IFP motion that was not supported by any financial documentation from prison officials, and regardless, as a three-striker, he was required to pay the full filing fee when he *initiated* the case – not after filing what amounts to a "placeholder" IFP motion. (See doc. no. 5, p. 7.) As there is no dispute Plaintiff failed to pay the full filing fee when he submitted his complaint, there is also no dispute the case is due to be dismissed. In any event, regardless of the subsequent payment of the filing fee, the case is also subject to dismissal because Plaintiff failed to provide truthful information about his prior filing history on the complaint form – a pleading separate and apart from the IFP motion. In other words, Plaintiff is not, as he contends, excused from providing truthful information to the Court simply because he has the means to pay the full filing fee.

Accordingly, the Court **OVERRULES** the objections and **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion. Therefore, the Court **DENIES**

Plaintiff's motion for an extension of time to pay the filing fee, (doc. no. 4), **DISMISSES** this action without prejudice, and **CLOSES** this civil action.  Because the dismissal is without prejudice, nothing prevents Plaintiff from re-filing this case, subject to the rules governing prisoner litigation in the federal courts.  If Plaintiff wishes to proceed with the claims raised in this lawsuit, he must initiate a new lawsuit, which would require submission of a new complaint.  See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO ORDERED this 23rd day of February, 2024, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE

4